# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

JJK GROUP, INC. (f/k/a John J. Kirlin, Inc.)  )
515 Dover, Suite 2100                         )
Rockville, Maryland 20850                     )
                                              )
and                                           )
                                              )
JOHN J. KIRLIN SPECIAL PROJECTS, LLC          )
515 Dover Road, Suite 2100                    )
Rockville, Maryland 20850                     )
                                              )
    Plaintiffs                            )
                                              )
    v.                                    )   Civil Action No. _____
                                              )
VW INTERNATIONAL, INC.                        )
Serve:                                        )
The Corporation Trust, Inc.                   )
351 West Camden Street                        )
Baltimore, Maryland 21201                     )
                                              )
and                                           )
                                              )
FIRST NATIONAL INSURANCE                      )
COMPANY OF AMERICA                            )
Serve:                                        )
Insurance Commissioner as Resident Agent      )
Maryland Insurance Administration             )
200 St. Paul Place, Suite 2700                )
Baltimore, Maryland 21202                     )
                                              )
_____)

## COMPLAINT

COMES NOW, Plaintiffs, JJK Group, Inc. (f/k/a John J. Kirlin, Inc.) and John J. Kirlin Special Projects, LLC (jointly and severally, "Kirlin"), and for their cause of action against Defendants state as follows:

5/35703.1

1. This Court has jurisdiction over this action and the parties pursuant to 28 U.S.C. § 1332 as the parties are citizens of different states and the amount in controversy exceeds $75,000. Venue is proper in this district under 28 U.S.C. § 1391.

2. JJK Group, Inc., formerly known as John J. Kirlin, Inc., is a Maryland corporation in good standing with its principal place of business at 515 Dover Road, Suite 2100, Rockville, Maryland 20850.

3. John J. Kirlin Special Projects, LLC is a Delaware limited liability company authorized to do business in the State of Maryland with its principal place of business at 515 Dover Road, Suite 2400, Rockville, Maryland 20850.

4. Defendant First National Insurance Company of America ("First National") is a Washington corporation authorized to do business in the State of Maryland with its principal place of business at Safeco Plaza, Seattle, Washington 98185.

5. Defendant VW International, Inc. ("VWI") is a Virginia corporation with its principal place of business at 6910 Richmond Highway, Suite 500, Alexandria, Virginia 22306, authorized to do business in the State of Maryland.

6. In January, 2009, Kirlin entered into a set of prime contract task orders with the United States Army Corps of Engineers under which Kirlin agreed to furnish and install a new nurse call system at the Madigan Hospital on the Fort Lewis military installation in the State of Washington (the "Project").

7. On or about January 9, 2009, Kirlin entered into a written Subcontract Agreement with VWI under which VWI was obligated to furnish and install the new nurse call system ("System") to the Project.

5/35703.1

8.      First National issued a Performance Bond to Kirlin under which First National guaranteed the Subcontract obligations of VWI.  A copy of the Performance Bond is attached as Exhibit 1.  To the extent VWI defaults in its obligations to Kirlin, and Kirlin declares VWI to be in default, First National is obligated to pay Kirlin its costs, expenses, and attorneys' under fees arising out of VWI's default.

9.      Under the Subcontract, VWI is obligated to comply with "pass-through" directives issued by the COE to Kirlin that arise out or relate to VWI's scope of work.

10.     In 2013, the COE directed Kirlin to replace the nurse call system because the COE contended that the nurse call system did not comply with the requirements of the prime contract.  Kirlin passed-through this COE's directive to VWI and directed VWI to comply with the passed-through directive.  VWI wrongfully failed and refused to comply with the directive.

11.     Under the terms of the Subcontract, VWI is obligated to comply with the demand Kirlin and the COE made to repair/replace the nurse call system installed by VWI.  Kirlin "passed-through" the COE's replacement demands to VWI under the terms of the Subcontract.  Under the Subcontract, VWI is required to comply with these demands and file any claim arising out of such a demand that it may have, for Kirlin to "pass-through" to the COE, under the disputes clause of the Subcontract Agreement.  In addition, under the Subcontract, VWI is obligated to defend, indemnify and hold harmless Kirlin from any claims and/or demands arising from the performance of the Subcontract Agreement, including court costs, expenses, and attorneys' fees.

12.     On November 25, 2013 VWI refused to perform the System replacement work directed by Kirlin and the COE. By letter dated December 2, 2013 (attached to Exhibit 2), Kirlin declared VWI in default based upon VWI's refusal to perform the System replacement work

demanded by the COE and directed by Kirlin under the Subcontract.  VWI failed to cure its default and by letter dated December 13, 2013 (Exhibit 2), Kirlin again declared VWI in default and stated its intent to demand First National to remedy the default.  By letter dated December 13, 2013 (Exhibit 3), Kirlin notified First National that Kirlin had declared VWI in default and demanded that First National remedy VWI's default.

13. To date, VWI remains in default under its Subcontract Agreement and First National has failed to remedy VWI's default.  VWI and First National are jointly and severally liable to Kirlin for all of Kirlin's damages, costs, expenses and attorneys' fees arising out of VWI's refusal to perform the nurse call system replacement work as directed by Kirlin and the COE.  Kirlin will incur damages in excess of $75,000 as a result of VWI's default.

14. Kirlin, VWI and First National entered into a Tolling Agreement relating to the Subcontract and Performance Bond. (attached to Exhibit 4).  By letter dated November 27, 2013 VWI terminated the Tolling Agreement which Kirlin received on December 2, 2013. (Exhibit 4).  This Complaint is timely filed and is within 30 days of Kirlin's receipt of VWI's termination notice.

WHEREFORE, Kirlin prays that a judgment be entered jointly and severally against First National and VWI for damages, costs, and attorneys' fees Kirlin incurs arising out of VWI's default under the Subcontract Agreement and First National's failure to remedy the default under the Performance Bond, in an amount exceeding $75,000, to be determined at trial.

5/35703.1

Dated:  December 31, 2013

Respectfully submitted,

_____/s/_____
Douglas L. Patin (Bar No. 05420)
Jeremiah S. Regan (Bar No. 13311)
Bradley Arant Boult Cummings LLP
1615 L Street, N.W., Suite 1350
Washington, DC 20036
(202) 393-7150 (phone)
(202) 347-1684 (facsimile)
efrechtel@babc.com (e-mail)
jregan@babc.com (e-mail)


_____/s/_____
Charles F. Mitchell (Bar No. 08666)
515 Dover Road, Suite 2100
Rockville, MD  20850
(301) 738-8876 (phone)
(240) 499-1387 (facsimile)
cmitchell@jjkllc.com (e-mail)